ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

```
STATE OF SOUTH CAROLINA        )    IN THE COURT OF COMMON PLEAS
                               )       TWELFTH JUDICIAL CIRCUIT
COUNTY OF FLORENCE             )        CASE NO. 21-CP-21-

Annette Poston,                )
                               )
            Plaintiff,         )
                               )
        v.                     )              SUMMONS
                               )
Wal-Mart, Inc. and             )
Wal-Mart Stores East, L.P.,    )
                               )
            Defendants.        )
_____)
```

**TO EACH DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 205 N. Irby Street, Florence, South Carolina, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                              **BARTH, BALLENGER & LEWIS, LLP**

By:  *s/Brendan P. Barth*
       BRENDAN P. BARTH
       ATTORNEY FOR PLAINTIFF
       POST OFFICE BOX 107
       FLORENCE, SOUTH CAROLINA 29503
       (843) 662-6301
       bbarth@bbllawsc.com

Florence, South Carolina
August 24, 2021

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | CASE NO. 21-CP-21- |
| ) | |
| Annette Poston, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| Wal-Mart, Inc. and Wal-Mart ) | |
| Stores East, L.P., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, complaining of the Defendants herein, would respectfully allege and show unto this Honorable Court as follows:

### THE PARTIES

1. That the Plaintiff is a citizen and resident of the County of Florence, State of South Carolina.

2. That, upon information and belief, Defendant Wal-Mart, Inc. is a corporation and/or business entity organized and existing under the laws of one of the States of the United States other than the State of South Carolina, but who maintains agents, employees, servants and business locations in the County of Florence, State of South Carolina. That the Plaintiff is further informed and believes that Defendant Wal-Mart Stores, Inc. derives significant income from its business dealings in the County of Florence, State of South Carolina and that it is subject to the jurisdiction of this Court.

3. That, upon information and belief, Defendant Wal-Mart Stores East, L.P. is a corporation and/or business entity organized and existing under the laws of one of the States of the United States other than the State of South Carolina, but who maintains agents, employees, servants and business locations in the County of Florence, State of South Carolina. That the Plaintiff is further informed and believes that Defendant Wal-Mart Stores East, L.P. derives significant income from its business dealings in the County of Florence, State of South Carolina and that it is subject to the jurisdiction of this Court.

4. That, upon information and belief, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (hereinafter "the Wal-Mart Defendants") own and operate, and maintain control over, a retail establishment in the County of Florence, State of South Carolina doing business as Wal-Mart Superstore Number 2703.

### JURISDICTION AND VENUE

5. That, upon information and belief, venue is proper in the County of Florence, State of South Carolina because the Wal-Mart Defendants conduct business in the County of Florence, State of South Carolina and the events, acts and/or omissions giving rise to the Plaintiff's causes of action occurred in the County of Florence, State of South Carolina. Likewise, that the Plaintiff is informed and believes that jurisdiction is proper in this Court.

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

**CAUSES OF ACTION**

(Negligence; Gross Negligence; Negligence Per Se; Negligent Supervision, Training and/or Retention; Premises Liability)

6. That the foregoing paragraphs are re-alleged as if fully set forth herein verbatim.

7. That heretofore on or about June 9, 2020, the Plaintiff was in the Wal-Mart Defendants' retail store, i.e., Wal-Mart Superstore Number 2703, as an invitee for lawful and legitimate business purposes, more particularly, shopping. That as the Plaintiff was shopping, she noticed that the can of soup that she needed was on a high shelf and was difficult for her to reach. At that time, an employee of the Defendants walked by Plaintiff, and she asked him to get a can of soup off the high shelf. The employee indicated he would be "right back" to assist her, but never returned. After waiting for a significant amount of time for the employee to return and assist her, Plaintiff reached up herself and grabbed the soup. As she turned to walk away, she was suddenly and without warning struck in the head by a can that fell from the shelf, causing a severe laceration to Plaintiff's head.

8. That while in the Wal-Mart Defendants' retail store/premises, the Plaintiff at all times exercised due care.

9. That the retail establishment, i.e., Wal-Mart Superstore Number 2703, was at all times relevant hereto

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

controlled, supervised, maintained and operated by the Wal-Mart Defendants.

10. That at all times relevant hereto, the Wal-Mart Defendants acted by and through their agents, employees and/or servants, who were all acting within the course and scope of their employment and agency.

11. That the Wal-Mart Defendants, by and through their agents, employees and/or servants, either placed the soup cans in a dangerous position and/or knew, or in the exercise of reasonable care should have known, of the unsafe condition(s). The unsafe conditions being the disarray of cans stacked on the high shelf and/or the cans being placed on their side on the high shelf and/or the placement of heavy items, i.e. the cans of soup, on such a high shelf.

12. That Plaintiff requested assistance from an employee of the Defendants to assist her in reaching the shelf and that said employee failed and/or refused to provide assistance to the Plaintiff.

13. That the Wal-Mart Defendants either knew or should have known that the placement of the cans on the high shelf, as set forth herein above, would be hazardous to the store's patrons, including the Plaintiff herein.

14. That the Plaintiff, through no fault of her own, was struck violently in the head by a falling can, causing the injuries outlined below.

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

15. That the injuries and damages suffered by the Plaintiff as described herein were the direct, foreseeable, and proximate result of the negligent, careless, willful, wanton, reckless and grossly negligent acts and/or omissions of the Wal-Mart Defendants, acting by and through their employees, agents, or servants, who breached their duty to Plaintiff, in one or more of the following particulars:

(a) In failing to have an adequate number of employees present to properly and safely operate and supervise the retail store;

(b) In failing to properly supervise and train its employees;

(c) In failing and neglecting to maintain the aisles, shelving, and the surrounding areas in a condition that was safe for invitees, such as the Plaintiff, properly and lawfully within the premises;

(d) In permitting and allowing products, more particularly soup cans, to be stacked or placed on the shelves in disarray, rendering same dangerous and unsafe;

(e) In permitting and allowing heavy products, more particularly soup cans, to be placed on high shelves, rendering same dangerous and unsafe;

(f) In failing and neglecting to inspect and properly maintain products and their position on the shelves;

(g) In failing to exercise the degree of care, caution and prudence which a reasonable owner, agent and/or employee of a business would have exercised or should have exercised under the same or similar circumstances then and there prevailing;

(h) In failing to exercise the duty of care to discover dangers, risks and take safety precautions to warn of or eliminate unreasonable risks and/or to not create same;

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

(i) In failing to exercise the duty of care for the Plaintiff's safety and well-being, including the duty to warn the Plaintiff of any obvious dangers that she may encounter despite their obvious nature which may not be discovered due to distraction;

(j) In failing to exercise the duty of care for the Plaintiff's safety and well-being, including the duty to warn the Plaintiff of any dangers of which the Wal-Mart Defendants had knowledge or should have had knowledge;

(k) In failing to exercise the duty of care for the Plaintiff's safety and well-being, including a duty to warn the Plaintiff of any obvious dangers that Plaintiff may encounter despite their obvious nature which the Wal-Mart Defendants should have anticipated;

(l) In failing to remove the hazardous and dangerous condition from the soup can shelves and surrounding areas after the Wal-Mart Defendants knew or should have known of its presence and its dangerousness;

(m) In allowing the Plaintiff to take items, more particularly soup cans, off of a shelf when it was unsafe to do so;

(n) In refusing to assist the Plaintiff in safely removing items from the high shelf after she asked for such assistance; and

(o) In such other particulars as discovery and the evidence at trial may show.

Any or all of which were one of the direct and proximate causes of the injuries and damages suffered by the Plaintiff.

16. That in addition to the Wal-Mart Defendants being vicariously liable for the acts and/or omissions of their employees and agents, all Defendants are also independently liable for negligent supervision, negligent hiring/training and negligent retention of their respective employees.

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

17. That the Wal-Mart Defendants' acts and/or omissions, individually and through their employees and agents, did cause significant injury to the Plaintiff.

**DAMAGES**

18. That the foregoing paragraphs are re-alleged as if fully set forth herein verbatim.

19. That as a direct and proximate result of the negligence, willfulness, wantonness and recklessness and gross negligence on the part of the Defendants, the Plaintiff was greatly and severely injured in and about her head, neck, arms, body, shoulders and back and other parts of her body; that the Plaintiff was rendered sick, sore, disabled, bruised and shocked thereby and continues so to be; that all of such injuries have caused the Plaintiff extreme and excruciating pain continuously to this date and the Plaintiff will suffer such pain in the future; that as a direct and proximate result of the negligence as aforementioned, the Plaintiff suffered 'severe bruises and contusions to her head, and great pain and suffering.

20. That as a direct and proximate result of said negligence, willfulness, wantonness, recklessness and gross negligence on the part of the Defendants:

    (a) The Plaintiff was confined to the care and treatment of skilled practitioners of the healing arts and nurses;

    (b) The Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future;

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847

(c) The Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(d) The Plaintiff was hindered and prevented and in the future will be hindered and prevented from transacting and attending to the Plaintiff's necessary and lawful affairs since the date of the incident/accident and lost and was deprived of gains, profits, salaries, pleasures, advantages and earning capacity and ability which the Plaintiff would have otherwise derived and acquired had it not been for the incident/accident;

(e) The Plaintiff was in the past, at present and will in the future, to be put to great expense for medicine, drugs and medical attention;

(f) The Plaintiff suffered and continues to suffer loss of enjoyment of life; and

(g) The Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and will continue to have such expenses in the future and has been permanently impaired as a result of the accident.

21. That as a direct and proximate result of the foregoing acts and/or omissions by the Defendants herein, the Plaintiff has suffered actual damages and is demanding a judgment against the Defendants, in a sum sufficient to compensate her for those damages.

22. That the Plaintiff is informed and believes that she is also entitled to an award of punitive damages against the Defendants as a result of Defendants' gross and reckless conduct.

**WHEREFORE**, the Plaintiff, having set forth her Complaint against the Wal-Mart Defendants, would respectfully pray for an Order as follows:

1. Rendering judgment in favor of the Plaintiff and against the Wal-Mart Defendants on the causes of action asserted herein;

2. Awarding actual damages, consequential damages and punitive damages in an amount the trier of fact determines appropriate;

3. Awarding the Plaintiff her reasonable costs for this action; and

4. Granting such other and further relief as this Court may deem just and proper.

                                  **BARTH, BALLENGER & LEWIS, LLP**

By:   *s/Brendan P. Barth*
        BRENDAN P. BARTH
        ATTORNEY FOR PLAINTIFF
        POST OFFICE BOX 107
        FLORENCE, SOUTH CAROLINA 29503
        (843) 662-6301
        bbarth@bbllawsc.com

Florence, South Carolina

August 24, 2021

ELECTRONICALLY FILED - 2021 Aug 24 9:05 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2101847